# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIONEL ANTONIO CRUZ CORTES  \*
11518 Georgia Ave.  \*
Silver Spring, MD 20902  \*
  \*
and  \*
  \*
LIONEL ANTONIO CRUZ, SR.  \*
11518 Georgia Ave.  \*
Silver Spring, MD 20902  \*
  \*
    PLAINTIFFS,  \*
  \*
    v.  \*  Case No.: 1:18-cv-00500-CRC
  \*
SAIGON KITCHEN, INC.  \*
2412 Wisconsin Ave., NW  \*
Washington, DC 20007  \*
  \*
    Serve: United States Corporation  \*
    Agents, Inc.  \*
    700 12th St., NW, Suite 700  \*
    Washington, DC 20005  \*
  \*
and  \*
  \*
LAN VU ~~LINH VU~~  \*
8428 Silverdale Ct.~~7819 Gambrill Woods Way~~  \*
Lorton~~Springfield~~, VA 22079-3065~~22153-2260~~  
  \*
and  \*
  \*
PHONG TRAN  \*
8428 Silverdale Ct.  \*
Lorton, VA 22079-3065  \*
  \*
    DEFENDANTS.  \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COMPLAINT

Plaintiffs Lionel Antonio Cruz Cortes and Lionel Antonio Cruz, Sr. ("Plaintiffs"), by and through undersigned counsel, hereby submit this First Amended Complaint against Defendants

Saigon Kitchen, Inc. ("Saigon Kitchen"), and Laninh Vu and Phong Tran (collectively, "Defendants") to recover damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), as forth below. A comparison copy showing amendments to the original Complaint is provided herewith as Exhibit A.

### PARTIES AND JURISDICTION

1. Plaintiff Lionel Antonio Cruz Cortes is an adult resident of Maryland. By participating as a named plaintiff in this action, he consents to prosecute his claims against Defendants under the FLSA and the DCMWA.

2. Plaintiff Lionel Antonio Cruz, Sr. is an adult resident of the Maryland. By participating as a named plaintiff in this action, he consents to prosecute his claims against Defendants under the FLSA and the DCMWA.

3. Defendant Saigon Kitchen is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

4. Defendant Laninh Vu is an adult resident of Virginia.

4.5. Defendant Phong Tran is an adult resident of Virginia.

5.6. Upon information and belief, at all times material herein, Defendants, in the aggregate and in the individual, had annual gross volume of sales made or business done in an amount exceeding $500,000.00, and thus Defendants qualified as an "enterprise" within the meaning of the FLSA.

6.7. At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce. Thus, Plaintiffs were employees who engaged in

commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

~~7.~~ 8.  At all times pertinent to the allegations herein, Defendants were Plaintiffs' "employers" for purposes of the FLSA and the DCMWA.

~~8.~~ 9.  Defendants are subject to the DCMWA because Plaintiffs spent more than 50% of their time working in the District of Columbia.

## FACTS

~~9.~~ 10.  Plaintiff Cruz Cortes worked for Defendants from roughly March 1, 2017 until June 30, 2017.

~~10.~~ 11.  During his employment, Plaintiff Cruz Cortes worked an average of approximately 63 hours per week.

~~11.~~ 12.  During his employment, Defendants represented to Plaintiff Cruz Cortes that his hourly rate was $11.50, and that he received a raise to $12.50 during approximately the last week of his employment.

~~12.~~ 13.  Despite Defendants' representations to Plaintiff Cruz Cortes about his hourly rate, his actual hourly rate fell below $11.50 per hour, and therefore below the District of Columbia minimum wage, for some or all of his employment.

~~13.~~ 14.  During the pay period May 29, 2017 to June 11, 2017, for instance, Plaintiff Cruz Cortes worked approximately 116 hours and 36 minutes and received gross wages of $1,003.50, resulting in an effective hourly wage of $8.61.

~~14.~~ 15.  Throughout Plaintiff Cruz Cortes's employment, Defendants did not pay him one-and-one-half times (1.5x) his hourly rate for hours worked in excess of 40 during a single workweek.

3

~~15.~~16. Plaintiff Cruz, Sr. worked for Defendants from roughly March 24, 2017 until November 30, 2017.

~~16.~~17. During his employment, Plaintiff Cruz, Sr. worked an average of approximately 63 hours per week.

~~17.~~18. During his employment, Defendants represented to Plaintiff Cruz Sr. that his hourly rate was $11.50.

~~18.~~19. Despite Defendants' representations to Plaintiff Cruz Sr. about his hourly rate, his actual hourly rate fell below $11.50 per hour, and therefore below the District of Columbia minimum wage, for some or all of his employment.

~~19.~~20. During the pay period September 18, 2017 to October 1, 2017, for instance, Plaintiff Cruz Sr. worked approximately 130 hours and 37 minutes and received gross wages of $1,494.00, resulting in an effective hourly wage of $11.44.

~~20.~~21. Throughout Plaintiff Cruz Sr.'s employment, Defendants did not pay him one-and-one-half times (1.5x) his hourly rate for hours worked in excess of 40 during a single workweek.

~~21.~~22. Defendants La~~ninh~~n Vu and Phong Tran owned and operated Saigon Kitchen throughout Plaintiffs' employment. Throughout Plaintiffs' employment, Defendants Vu and Tran:

    a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

    b. Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

    c. Set and controlled Plaintiffs' work schedules or had the power to set and control Plaintiffs' work schedules;

4

    d. Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

    e. Controlled and was in charge of the day-to-day operations of Saigon Kitchen.

~~22.~~23. Plaintiffs' primary work duties did not qualify for any exemption under the FLSA or the DCMWA.

~~23.~~24. Defendants' failure and refusal to pay Plaintiffs minimum wages and overtime pay, as required by the FLSA and the DCMWA, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of the Fair Labor Standards Act
### (Overtime)

~~24.~~25. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

~~25.~~26. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

~~26.~~27. At all times pertinent to the allegations herein, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were their "employers" under § 207(a)(2) of the FLSA.

~~27.~~28. Defendants, as Plaintiffs employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) their regular rate for all overtime hours worked.

~~28.~~29. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours during their employment.

29.30. As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half (1.5x) their regular rate for all overtime hours worked.

30.31. Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT II
**Violation of the D.C. Minimum Wage Act Revision Act of 1992**
**(Overtime)**

31.32. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

32.33. At all times pertinent to the allegations herein, Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

33.34. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) their regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

34.35. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work overtime hours during their employment.

35.36. As set forth above, Defendants failed and refused to pay Plaintiffs time-and-one-half (1.5x) their regular rate for all the overtime hours they worked.

36.37. Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

**COUNT III**
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Minimum Wage)**

37.38. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

38.39. Defendants, as Plaintiffs' employers, were obligated to compensate them at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

39.40. As set forth above, Defendants paid Plaintiffs an hourly wage that fell below $11.50 per hour, and therefore below the District of Columbia minimum wage, for some or all of their respective periods of employment.

40.41. Defendants had actual knowledge of the D.C. minimum wage requirement and had actual knowledge that the rate and method by which they paid Plaintiffs were in direct violation of the requirement.

41.42. Defendants' failure to pay Plaintiffs required minimum wages was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count III for all unpaid minimum wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

Dated: March 26, 2018                                    Respectfully submitted,

/s/
Michael K. Amster (Bar No. 1001110)
J. Barrett Kelly (Bar No. 1019475)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com
bkelly@zagfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March, 2018, a true and correct copy of the foregoing was served via first-class mail, postage prepaid, upon the following:

Joshua Whitaker, Esq.
Adelphi LLP
1936 Eastern Avenue
Baltimore, MD 21231

*Counsel for Linh Vu and Saigon Kitchen*

/s/
Michael K. Amster

8