**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIONEL ANTONIO CRUZ CORTES, *et al.* | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Case No. 1:18-cv-00500-CRC |
| | * |
| SAIGON KITCHEN, INC., *et al* | * |
| | * |
| Defendants. | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
**AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiffs Lionel Antonio Cruz Cortes and Lionel Antonio Cruz, Sr. ("Plaintiffs"), by and through undersigned counsel, and pursuant to the Court's June 13, 2018 Order (ECF No. 17), hereby submit this Motion for Attorneys' Fees and Memorandum in Support Thereof ("Motion and Memorandum"), and state as follows:

**INTRODUCTION**

1. Defendants own and operate a Vietnamese restaurant in Washington, D.C. doing business as Saigon Kitchen.

2. Plaintiff Cruz Cortes worked for Defendants from roughly March 1, 2017 until June 30, 2017. Plaintiff Cruz, Sr. worked for Defendants from roughly March 24, 2017 until November 30, 2017. During this time, each Plaintiff worked an average of roughly 63 hours per week. Despite this, Defendants failed to pay Plaintiffs time and a half their hourly rates for the hours they worked over forty.

3. On January 3, 2018, Plaintiffs retained undersigned counsel to pursue wage and hour claims against their former employers.

4. On January 19, 2018, counsel for Plaintiffs sent Defendants a demand letter in an attempt to resolve Plaintiffs' claims without resorting to litigation.

5. On February 6, 2018, Defendants' counsel contacted undersigned counsel. The parties were not able to resolve Plaintiffs' claims pre-litigation.

6. Therefore, on March 2, 2018, Plaintiffs filed suit in this case, brining claims under the the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001, *et seq.* ("DCMWA").

7. On March 26, 2018, Plaintiffs filed an amended complaint, to remove Linh Vu as Defendant and add Defendants Lan Vu and Phong Tran. (Saigon Kitchen, Inc., Lan Vu and Phong Tran shall together be referred to as "Defendants") (collectively with Plaintiffs, the "Parties").

8. Counsel for Plaintiffs prepared, and on May 16, 2018 filed, the Parties' Joint Meet and Confer.

9. From March 2018 until May 2018, counsel for the Parties continued to discuss potential settlement and the respective parties' legal and factual theories of the case.

10. On May 30, 2018, Defendants served Plaintiffs with a Rule 68 Offer of Judgement.

11. On June 5, 2018, this Court held its initial status conference.

12. On June 7, 2018, the Parties filed a Joint Notice of Acceptance of Defendants' Offer of Judgment ("Notice of Acceptance"), notifying the Court of Plaintiffs' acceptance of Defendants' Rule 68 offer of judgment in the total amount of $18,000, exclusive of attorneys' fees and costs. (ECF No. 15.). In accordance with Rule 68, the Parties submitted a copy of the Offer of Judgment along with the Notice of Acceptance. (ECF No. 16.)

13. On June 13, 2018, in accordance with the Notice of Acceptance, the Court ordered that judgment be entered in favor of Plaintiff Cruz, Sr. in the amount of $12,490.51 and in favor

of Plaintiff Cortes in the amount of $5,509.49 against both Defendants, jointly and severally. (ECF No. 17.) The Court also ordered that the Plaintiffs file their Petition for Fees and Costs by July 6, 2018. (*Id.*)

## ARGUMENT

### I. AS THE PREVAILING PARTIES ON THEIR FLSA AND DCMWA CLAIMS, PLAINTIFFS ARE ENTITLED TO AN AWARD OF RESONABLE ATTORNEYS' FEES AND COSTS.

The FLSA and the DCMWA "provide for an award of reasonable attorneys' fees and costs to a prevailing plaintiff." *Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 194 (D.D.C. 2016). Indeed, an award of attorneys' fees to a prevailing plaintiff under the FLSA and the DCMWA is mandatory. *Id.* ("[A]n attorney's fee award is mandatory under the FLSA [and] the DCMWA…"); 29 U.S.C. § 216(b) ("The court [in an FLSA action] ***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); D.C. Code §§ 32-1308(b)(1).

A plaintiff who succeeds on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" will generally be "considered [the] 'prevailing part[y]' for attorneys' fees purposes." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This rationale extends to "all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.*, n.7; *see also Falica v. Advance Tenant Servs., Inc.*, 384 F. Supp. 2d 75, 78 (D.D.C. 2005) (noting that the *Hensley* analysis applies in FLSA cases). Having achieved judgments against both of the Defendants in this case, Plaintiffs are unquestionably the "prevailing parties" and, therefore, entitled to an award of reasonable attorneys' fees and costs.

**II.     PLAINTIFFS' ATTORNEYS' FEES MUST BE AWARDED PURSUANT TO THE LODESTAR METHOD AND IN ACCORDANCE WITH THE FEE MATRIX APPROVED IN *SALAZAR V. DISTRICT OF COLUMBIA*.**

"The starting point for determining a reasonable fee is the 'lodestar method,' which 'is the number of hours expended on the litigation multiplied by a reasonable hourly rate.'"  *Heller v. Dist. of Columbia*, 832 F. Supp. 2d 32, 37 (D.D.C. 2011); *Herra v. Mitch O'Hara LLC*, 257 F. Supp. 3d 37, 46 (D.D.C. 2017) ("To arrive at a reasonable award [under the DCMWA], the Court will multiply the number of hours reasonably expended by a reasonable hourly rate.").  Because the lodestar calculation relies on "objective," third-party standards—*i.e.*, "the prevailing market rates in the relevant community," and what the attorney would have received from "a paying client who was billed by the hour in a comparable case"—the standard "cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Perdue v. Kenny*, 559 U.S. 542, 551-52 (2010).  The determination of reasonable attorney's fees in this Circuit is a three-part analysis: "[a] court must: (1) determine the number of hours reasonably expended in litigation; (2) set the reasonable hourly rate; and (3) use multipliers as warranted." *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015); *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). As discussed below, the lodestar supports the award Plaintiffs seek.

a.     **Plaintiffs seek rates in accordance with the matrix approved in *Salazar v. District of Columbia*, as established by DCMWA.**

The DCMWA requires that "in any judgment in favor of any employee under this section, and in any proceeding to enforce such a judgment, **the court shall award** to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) . . ." D.C.

4

Code § 32-1308(b)(1) (emphasis added).[1]

> In any judgment in favor of any employee under this section, and in any proceeding to enforce such a judgment, **the court shall award** to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services. The court shall use the rates in effect at the time the determination is made.

*Id.* (emphasis added).

In cases brought under the DCMWA, the Court "need not face the difficult question of the quantum and quality of evidence needed to justify LSI *Laffey* rates post-*Salazar*. This is because D.C. law itself *mandates* that the Court use LSI *Laffey* rates." *Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 197 (D.D.C. 2016) (emphasis added.) *see also Herra*, 257 F. Supp. at 46 ("The D.C. Code has set a rate [for attorneys' fees] for claims brought under the DCMWA…")

"Because the *Salazar* court utilized the attorneys' fee matrix that has been updated to account for inflation using the Legal Services Index of the Bureau of Labor Statistics [], the [DCMWA's] plain language requires use of the LSI *Laffey* matrix to determine the applicable rate." *Herra*, 257 F. Supp. 3d at 46. The LSI *Laffey* Matrix is available at http://www.laffeymatrix.com/see.html. *See Harra*, 257 F. Supp. 3d at 47. It is also attached hereto as Exhibit 1.[2]

As additional support, Omar Vincent Melehy, an experienced employment lawyer in the

---

[1] In *Salazar*, this Court determined that "the updated *Laffey* matrix" reflecting the "prevailing rates for legal services in the D.C. community" was the appropriate method for determining the hourly rates of the plaintiffs' attorneys. *Salazar*, 123 F. Supp. 2d at 15; *Serrano*, 209 F. Supp 3d at 197 ("In *Salazar*, the district court determined that the appropriate *Laffey* matrix was the LSI Matrix…"). The LSI *Laffey* Matrix is based on "the Legal Services Index of the Bureau of Labor Statistics – known as the 'LSI *Laffey* Matrix.'" *Serrano*, 209 F. Supp 3d at 195.

[2] Indeed, the court in *Herrera v. Mitch O'Hara LLC*, 257 F. Supp. 3d 37 (D.D.C. 2017) approved undersigned counsel's rates at the *Salazar* Matrix rates.

5

D.C. area who has known Mr. Amster for years, explained that Mr. Amster and Zipin, Amster & Greenberg, LLC have a deservedly excellent reputation. (Melehy Aff., July 6, 2018, attached as Ex. 2, ¶¶ 5-7.) Further, Zipin, Amster & Greenberg, LLC has built a reputation for providing skilled legal services in the Washington, D.C. Metro area and can command the *Salazar* matrix rates. (*Id*.)

Plaintiffs have submitted a detailed billing record reflecting work performed by the attorneys in this case – Michael K. Amster and J. Barrett Kelly. (Statement of Fees Incurred, attached as Ex. 3.) Pursuant to the LSI *Laffey* Matrix, Mr. Amster's hourly rate (a 2009 law school graduate) is $636 and Mr. Kelly's hour rate (a 2012 law school graduate) is $440. (Aff. of Michael Amster, July 5, 2018, attached as Ex. 5 at ¶¶ 1-2.) Paralegal work is billed at an hourly rate of $196 in accordance with the LSI *Laffey* Matrix.[3] (Ex. 5 at ¶ 3.) Plaintiffs' are entitled to attorneys' fees at these rates without any upward or downward adjustment. *See* D.C. Code § 32-1308(b)(1); *Herra*, 257 F. Supp. at 46; *Serrano*, 209 F. Supp 3d at 197-98.

### b. The number of hours expended was appropriate and reasonable.

Plaintiffs' counsel litigated the case as efficiently as possible and made appropriate voluntary reductions in the hours spent on the case. To compute the hours reasonably expended in the litigation, a fee applicant should reference contemporaneous time and expense records. *See Webb v. Bd. of Educ.*, 471 U.S. 234, 238 n.6 (1985); *Heller v. District of Columbia*, 832 F.Supp.2d 32, 50 (D.D.C. 2011). Counsel must then make a good faith evaluation of the contemporaneous records and exclude hours that are excessive or unnecessary. *See District of Columbia v. Jerry M.*, 580 A.2d 1270, 1281 (D.C. 1990); *Henderson v. District of Columbia*, 493 A.2d 982, 999 (D.C.

---

[3] Work performed by paralegals is recoverable in statutory fee-shifting cases. *See Missouri v. Jenkins*, 491 U.S. 274, 288-89 (1989); http://www.laffeymatrix.com/see.html.

1985); *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). An appraisal that time spent was "not reasonably necessary" to the litigation "turns on so many subjective factors that it seldom should be the basis for reduction of an attorney's fee." *Jacquette v. Black Hawk Cnty.*, 710 F.2d 455, 460 (8th Cir. 1983). Accordingly, courts seek to avoid nit-picking disagreements, intransigence, and unreasonable negotiating positions in construing fee petitions and accord some deference to counsel's judgment on the amount of time they considered necessary to prepare and pursue the case. *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1338 (D.C. Cir. 1982) (Tamm, J., concurring).

All of the time for which Plaintiffs seek compensation is set forth in detail in Exhibit 3. All costs are set forth in Exhibit 4. Billing entries were recorded contemporaneously with the work performed, and the billing statement identifies the amount of time expended, the tasks performed, and the rate of the particular timekeeper involved. (Ex. 5 at ¶¶ 5-6.)

Plaintiffs' attorneys are highly experienced in the employment law field, particularly so with FLSA and DCMWA cases. (Ex. 5 at ¶¶ 1-3.) Plaintiffs' attorneys' knowledge, skill, and experience facilitated a successful and efficient outcome for the Plaintiffs in this case. Plaintiffs' attorneys' work in this case served the important public function of ensuring compliance with applicable wage and hour laws. *See, e.g., Jackson v. Estelle's Place, LLC*, 391 Fed. App'x 239, 248 (4th Cir. 2010) ("[T]he public interest promoted by civil rights statutes, such as the FLSA, is perhaps most meaningfully served by the day-to-day private enforcement of these rights, which secures compliance and deters future violations.") (internal quotation omitted). Furthermore, as discussed in Section II (a) above, Plaintiffs' attorneys' hourly rates are established by statute and are not subject to upward or downward adjustment. Accordingly, there is no basis to reduce Plaintiffs' attorneys' fees in this case.

Undersigned counsel has audited and reviewed the billing statement generated in this matter and has cut any excessive or unnecessary work performed. (*Id.* ¶ 6.) Plaintiffs' attorneys have expended 52.5 hours of time prosecuting this case, including time spent preparing the instant Motion and Memorandum. (Ex. 3.) Of that, Plaintiffs are seeking 45.9 hours in fees. (*Id.*) Notably, Plaintiffs are not seeking the additional necessary time that counsel will incur to continue to communicate with Plaintiffs and bring this matter to a close.

The fees submitted by Plaintiffs' counsel are those that undersigned counsel, in the exercise of his billing judgment, and after making a good-faith evaluation of all recorded hours of work performed in relation to Plaintiffs' case, finds to be fair and reasonably necessary to the litigation. (Ex. 5 ¶¶ 4-8.) Applying the appropriate hourly rates, as set forth in Section II (a) above to the hours expended by each of the individuals who worked successfully to prosecute Plaintiffs' claims, the total fees and costs are as follows:

| | |
|---|---|
| **Attorney's Fees:** | $ 23,815.60 |
| **Costs:** | $      659.35 |
| **Total Fees and Costs:** | $ 24,474.95 |

(Ex. 3; Ex. 4; *see also* Ex. 5.)

### III. PLAINTIFFS' DEGREE OF SUCCESS MERITS THE FEES SOUGHT IN THIS CASE.

Plaintiffs' obtained a judgment against Defendants in the amount of $18,000.00, exclusive of attorneys' fees and costs. This represents well over two times Plaintiffs' claimed unpaid wages.[4] Plaintiffs seek fees and costs in excess of Plaintiffs' judgment. However, a reduction in the amount of Plaintiffs' attorney's fees, based on the amount of the damage recovery, would not be appropriate in this or any other wage and hour case. Strict application of any proportionality rule

---

[4] In their initial demand letter, Plaintiffs claimed $8,651.25 in unpaid wages.

8

is inimical to the public policy interests that are served by fee-shifting statutes such as the DCWPA, the DCMWRA, and the FLSA. *See City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (affirming a $245,000 fee award that was more than seven times the $33,000 damages they recovered). The D.C. Circuit has long recognized that the purpose of this mandatory fee-shifting scheme is to "provide an adequate economic incentive for private attorneys to take employment discrimination cases, and thereby to ensure that plaintiffs would be able to obtain competent legal representation for the prosecution of legitimate claims." *Laffey v. Nw. Airlines, Inc.*, 746 F.2d 4, 11 (D.C. Cir. 1984), *overruled in part on other grounds by Save Our Cumberland Mountains, Inc. v. Hodel,* 857 F.2d 1516, 1517 (D.C. Cir. 1988); *see also, e.g.*, *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003), *aff'd*, 93 F. App'x 81 (7th Cir. 2004).

The lodestar approach will often "necessitate fee awards that exceed the aggregate recovery to [counsel's] clients." *Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106, 114 (D.D.C. 2014); *see also Williams v. First Gov't Mortgage & Investors Corp.*, 225 F.3d 738, 747 (D.C. Cir. 2000) (affirming an award of almost $199,340.00 on a recovery of $8,400 in a District of Columbia Consumer Protection Act ("DCCPPA") case); *In re InPhonic, Inc*., 674 F. Supp. 2d 273, 281 (D.D.C. 2009) (awarding $483,753.37 in fees and costs on a $39,000 settlement in a DCCPPA case).

## ADDITIONAL FEES

Should Defendants contest this Petition, Plaintiffs reserve the right to supplement and amplify their petition for fees and costs at a later date should more work become necessary.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that they be awarded 23,815.60 in attorneys' fees and $659.35 in costs.

9

Respectfully submitted,

/*s*/ Michael K. Amster
Michael K. Amster (Bar No. 1001110)
J. Barrett Kelly (Bar No. 1019475)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com
bkelly@zagfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of July, 2018, a true and correct copy of the foregoing Plaintiffs' Motion for Attorneys' Fees and Memorandum in Support Thereof was served upon all counsel of record via the Court's electronic case filing system.

/*s*/ Michael K. Amster
Michael K. Amster