IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LIONEL CRUZ, *et al.* | ) | |
| | ) | |
| *Plaintiffs*, | ) | Civil Action No 1:18-cv-00500-CRC |
| | ) | |
| v. | ) | |
| | ) | |
| SAIGON KITCHEN, INC., *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT LINH VU'S RULE 11 MOTION**

Defendant Linh Vu (hereinafter "Defendant" or "Ms. Vu"), by and through undersigned counsel, does hereby move this Court for sanctions, pursuant to Federal Rules of Civil Procedure Rule 11, against both Plaintiffs and their counsel , for the reasons outlined in the attached Memorandum in Support and the exhibits thereto.

**RULE 11 CERTIFICATION**

Defendant, through undersigned counsel, certifies that it has complied with the requirements of Rule 11, as described in detail in the Declaration of Joshua G. Whitaker attached to this Motion, by serving a draft of this Motion on counsel of record for Plaintiffs on March 14th, 2018, via electronic means, without any resulting retraction of the materials objected to herein.

**WHEREFORE**, Defendant requests that this Court enter an Order

a) Awarding Defendant the costs, fees, and expenses related to and in any way associated with the filing of this Motion, and with Defendant's Motion to Dismiss

and or for Summary Judgment, reduced to judgment against each Plaintiff,

Michael Amster, and the Zippin Law Firm;

b)  Award any other relief that the Court considers just.

RESPECTFULLY SUBMITTED,

DATED:  April 4th, 2018


            /signed/Joshua G. Whitaker
            Joshua Whitaker, Esq.
            D.C. Bar No. 493898
            ADELPHI, LLP
            1936 Eastern Avenue
            Baltimore, MD  21231
            whitaker@adelphilaw.com
            1.888.367.0383 (Tel./Fax)

            *Counsel for Defendant Linh Vu*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIONEL CRUZ, *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | Civil Action No 1:18-cv-00500-CRC |
| ) | |
| v. ) | |
| ) | |
| SAIGON KITCHEN, INC., *et al.* ) | |
| ) | |
| *Defendants.* ) | |

**DEFENDANT LINH VU'S**

**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

Defendant Linh Vu, by and through undersigned counsel, does hereby present
Points and Authorities in support of its Motion for Sanction against Plaintiffs Lionel Cruz
and Lionel Cruz Jr., as well as attorney Michael Amster and the Zippin Law Firm,
pursuant to Federal Rules of Civil Procedure Rule 11, in relation to their collective
malicious and or incompetent wrongful inclusion of a person with no association with the
corporation Defendant Saigon Kitchen, Inc., demonstrating that the Plaintiffs, and more
importantly, the attorneys, either conducted no pre-filing investigation or they simply do
not care to sue the proper individuals.  The end result is an extortive effect on an
unrelated and entirely uninvolved party, who had to endure the stress of being sued and
incur attorney's fees, which counsel for Plaintiff should be forced to reimburse Defendant
and her counsel for this not frivolous but rather malicious filing.[1]

---
[1]     Counsel for Defendant Vu will submit his time related to this Motion under separate cover;
however, as an initial point, he notes that he has been practicing since 2004 without interruption on similar
matters, and therefore qualifies for an hourly rate of at least $483.00 per hour under most recent the
"lodestar" for civil suits in the District of Columbia.

## LEGAL STANDARD

Under Federal Rules of Civil Procedure Rule 11, an attorney signing a filing with the Court is under an affirmative obligation to determine, after "an inquiry reasonable under the circumstances," that the filing

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. Pr. R. 11(b).

## STATEMENT OF FACTS IN SUPPORT OF MOTION

1.      Defendant Saigon Kitchen, Inc., is the former employer of Plaintiffs, as alleged in the Complaint.

2.      Defendant Linh Vu is neither a shareholder, stockholder, nor an employee of Saigon Kitchen, Inc.

3.      In support of this statement, attached is a true and accurate copy of the By-Laws of Saigon Kitchen, Inc., as Exhibit 1.  Ex. 1 at unnumbered page 18 (shareholders identified,officers identified); 20 (Board members identified).

4.      Also attached to this Memorandum is a certified declaration by Ms. Vu that confirms that she is not an owner, officer, or employee of Saigon Kitchen, Inc. Ex. 2, Decl. of Linh Vu, ¶ 3-4.

5.      Ms. Vu is in fact a licensed and full-time real estate agent, whose professional reputation is being harmed by this bogus lawsuit against her.  Ex. 2, Vu

Decl., ¶¶ 4-5, and Ex. 3, Real Estate License Report of Tuy Linh Vu for the
Commonwealth of Virginia. Ex. 2,

6.     Ms. Vu is also employed as a full-time IT program manager with PMP
certification and a public trust security clearance; this litigation could affect her
employment and security clearance.  Ex. 2, ¶ 6.

7.     Further attached to this Memorandum is a certified declaration by counsel
Joshua Whitaker that he raised the issue of unrelated entities more than a month prior to
the filing of this lawsuit, and that counsel for Plaintiffs generally knew that he was
counsel for Saigon Kitchen and had his contact information.  Ex. 4, Decl. of Joshua
Whitaker, Esq., ¶ 3.

## ARGUMENT

Counsel for Plaintiff either did no inquiry prior to filing this lawsuit, or if they
did, they decided, despite no evidence, to file against Ms. Vu, in a blatant attempt to
extort money from a blameless person.  Counsel for Plaintiffs had the contact information
for counsel for Ms. Vu prior to filling, so, even if they had no access to the information
through say, asking their clients who their employer was, or even requesting publicly-
filed corporate documents from the D.C. Government, they could have simply asked
counsel for Ms. Vu if she was involved.  In fact, counsel for Defendant pointed out to Mr.
Amster that there appeared to be an issue a month before this matter was filed  -but Mr.
Amster filed against Ms. Vu anyway.  *Supra*, Statement of Facts, ¶ 7.  We ask the Court
to consider why an experienced attorney would engage in such inadvertence – and
suggest that in fact there was no inadvertence at all.

The Complaint makes the following unresearched allegations:

– At Paragraphs 7, 9, 11, 12, 14, 15, 16, 17, 18, and 20, the Complaint states that Ms. Vu was an employer of the Plaintiffs.

–  At Paragraph 21, the Complaint explicitly states that Ms. Vu was the owner of Saigon Kitchen – a fact that even a cursory review or discussion with their clients by the Zippin firm would have indicated was not correct.

The clear bad faith intention of the filing is made more clear by examining the letter sent by Mr. Amster to Ms. Vu on January 19th, 2018.  Mr. Amster addressed that letter to Ms. Vu and Mr. Phong Tran – who is actually a stakeholder in Saigon Kitchen. Ex. 5, Letter of Michael Amster to Linh Vu, *et al.*, Jan. 18th, 2018.  Thus, Mr. Amster knew at least <u>something</u> about who the proper persons were, but apparently either did not finish his inquiry or did not care to.  Mr. Amster therein threatens Ms. Vu with up to $100,000 in attorney's fees (an impressive figure for an attorney with less than seven years in practice in the District, thus only qualifying for a rate of some $350 per hour (which would mean he would have to bill 285 hours on a simple wage claim involving two employees who only work six months each at the same restaurant, with a total of less than 800 total hours in dispute).[2]  He also threatens her with quadruple damages, another impressive feat not often obtained and less often upheld on appeal (perhaps this is what the 200 plus hours were to be spent on researching).

The Court should sanction this misconduct, as there clearly was not "an inquiry reasonable under the circumstances," or, even worse, malicious intent in the Plaintiffs' and Mr. Amster's naming of Ms. Vu as a defendant.

---

2   In a call with counsel for Ms. Vu, Mr. Amster stated that his "lodestar" rate was over $600 per hour.

**CONCLUSION**

For the foregoing reasons, Defendant requests that the relief sought herein be granted.

RESPECTFULLY SUBMITTED,

DATED:  April 4th, 2018

          /signed/Joshua G. Whitaker/
          Joshua Whitaker, Esq.
          D.C. Bar No. 493898
          whitaker@adelphilaw.com
          1936 Eastern Avenue
          Baltimore, MD  21231
          Tel./Fax: 888-367-0383

          *Attorney for Defendant Linh Vu*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2018, I caused a true copy of the

foregoing Defendant's Motion for Sanctions Against Plaintiffs to be served on the parties

in this matter via electronic case filing.


                                   /signed/Joshua G. Whitaker/
                                     Joshua Whitaker, Esq.
                                     D.C. Bar No. 493898
                                     Whitaker@adelphilaw.com
                                     1936 Eastern Avenue
                                     Baltimore, MD  21231
                                     Tel./Fax: 888-367-0383

                                     *Attorney for Defendant Linh Vu*

**EXHIBIT B**
**FORM OF SHARE CERTIFICATE**

Section 7.6. Dividends. The Board of Directors may from time to time declare, and the Corporation may pay dividends on its outstanding shares in the manner and upon the terms and conditions provided by Dist. of Columbia law and its Articles of Incorporation.

Subject to the District of Columbia Business Corporation Act, the Board of Directors may declare and the Corporation may pay dividends on its outstanding shares in cash, subject to the following provisions:

a) No dividend shall be declared or paid at a time when the Corporation is insolvent or its net assets are less than its stated capital, or when payments thereof would render the Corporation insolvent or reduce its net assets below its stated capital; and

b) Dividends may be paid out of paid-in surplus or surplus arising from the surrender to the Corporation of any of its shares only upon shares having a preferential right to receive dividends, provided that the source of such dividends shall be disclosed to the shareholders receiving such dividends, concurrently with payment thereof; the limitations of this paragraph shall not limit nor be deemed to conflict with the provisions of the District of Columbia Business Corporation Act in respect of the distribution of assets as a liquidating dividend.

Section 7.7. Amendment of Bylaws. To the extent permitted by law, these bylaws may be amended or repealed, and new bylaws adopted, by the Board of Directors. The shareholders entitled to vote, however, retain the right to adopt additional bylaws and may amend or repeal any bylaw whether or not adopted by them.

*[Remainder Intentionally Left Blank.]*

## ARTICLE VII

### Miscellaneous

Section 7.1. Principal Executive or Business Offices. The Board of Directors shall fix the location of the principal executive office of the Corporation at any place either within or without the District of Columbia.

Section 7.2. Fiscal Year. The fiscal year of the Corporation must be determined by the Board of Directors.

Section 7.3. Seal. The Corporation may have a corporate seal which shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors. The corporate seal may be used by causing it or a facsimile thereof to be impressed or affixed or in any other manner reproduced.

Section 7.4. Indemnification. The Corporation shall have the power to indemnify, to the maximum extent and in the manner permitted by the Dist. of Columbia Business Corporation Act, each of its directors, officers, employees and agents against expenses, judgments, fines, settlements, and other amounts actually and reasonably incurred in connection with any proceeding arising by reason of the fact that such person is or was an agent of the Corporation.

Section 7.5. Contracts. The Board of Directors may authorize any officer or officers, agent or agents, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances.

Section 6.5. Annual Report to Shareholders. Subject to the Dist. of Columbia Business Corporation Act, for as long as the Corporation has fewer than the number of shareholders specified in the applicable statute, if any, any requirement of an annual report to shareholders is expressly waived. However, nothing in this provision shall be interpreted as prohibiting the Board of Directors from issuing annual or other periodic reports to the shareholders, as the Board considers appropriate.

At the annual meeting of shareholders, or the meeting held in lieu thereof, the Corporation shall lay before the shareholders a financial statement consisting of:

a) A balance sheet containing a summary of the assets, liabilities, stated capital, if any, and surplus (showing separately any capital surplus arising from unrealized appreciation of assets, other capital surplus, and earned surplus) of the Corporation as of the end of the Corporation's most recent fiscal year, except that, if consolidated financial statements are laid before the shareholders, the consolidated balance sheet shall show separately or disclose by a note the amount of the consolidated surplus that does not constitute earned surplus of the Corporation or any of its subsidiaries and that is not classified as stated capital or capital surplus on the consolidated balance sheet; and

b) A statement of profit and loss and surplus, including a summary of profits, dividends or distributions paid, and other changes in the surplus accounts of the Corporation for the period commencing with the date marking the end of the period for which the last preceding statement of profit and loss required under this Section was made and ending with the date of said balance sheet, or in the case of the first statement of profit and loss, from the incorporation of the Corporation to the date of said balance sheet.

Section 6.6. Financial Statements. The Corporation shall keep a copy of each annual financial statement, quarterly or other periodic income statement, and accompanying balance sheets prepared by the Corporation on file in the Corporation's principal office for 3 years. These documents shall be exhibited at all reasonable times, or copies provided, to any shareholder on demand.

Section 6.7. Form of Records. Any records maintained by the Corporation in the regular course of its business, with the exception of minutes of the proceedings of the shareholders, and of the Board of Directors and its committees, but including the Corporation's stock ledger and books of account, may be kept on, or be in the form of magnetic tape, photographs, microphotographs or any other information storage device, provided that the records so kept can be converted into clearly legible form within a reasonable time. The Corporation shall so convert any records so kept upon the request of any person entitled to inspect the same.

Section 5.2. Lost, Stolen or Destroyed Share Certificates; Issuance of New Certificates. The Corporation may issue a new share certificate or a new certificate for any other security in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it (including any expense or liability) on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate.

## ARTICLE VI

### Records and Reports

Section 6.1. Shareholder Records. The Corporation shall keep at its principal executive office or at the office of its transfer agent or registrar a record of the names and addresses of all shareholders and the number and class of shares held by each shareholder.

Section 6.2. Corporate Documents and Bylaws. The Corporation shall keep at its principal executive office the original or a copy of the Articles of Incorporation and bylaws as amended which shall be open to inspection by the shareholders at all reasonable times during office hours. The Corporation shall, upon the written request of any shareholder, furnish to that shareholder a copy of the Articles of Incorporation or bylaws as amended to date.

Section 6.3. Minutes and Accounting Records. The minutes of proceedings of the shareholders, the Board of Directors, and committees of the Board, and the accounting books and records will be kept at the principal executive office of the Corporation, or at such other place or places as designated by the Board of Directors. The minutes will be kept in written form, and the accounting books and records will be kept either in written form or in a form capable of being converted into written form.

Section 6.4. Inspection by Directors. Subject to applicable Dist. of Columbia law, every director shall have the right at any reasonable time to inspect all books, records, and documents of every kind and the physical properties of the Corporation and each of its subsidiary corporations for purposes relating to his or her status as director. This inspection by a director may be made in person or by an agent or attorney and the right of inspection includes the right to copy and make extracts of documents.

Section 4.2. Term of Office; Resignation; Removal; Vacancies. Except as otherwise provided in the resolution of the Board of Directors electing any officer, each officer will hold office until his or her successor is elected and qualified or until his or her earlier resignation or removal. Any officer may resign at any time upon written notice to the Board or to the Chairman of the Board or the Secretary of the Corporation. Such resignation will take effect when the notice is delivered, unless the notice specifies a later time, and unless otherwise specified therein no acceptance of such resignation will be necessary to make it effective. The Board may remove any officer with or without cause at any time. Any such removal will be without prejudice to the contractual rights of such officer, if any, with the Corporation, but the election of an officer will not of itself create contractual rights. Any vacancy occurring in any office of the Corporation by death, resignation, removal or otherwise may be filled for the unexpired portion of the term by the Board at any regular or special meeting.

Section 4.3. Powers and Duties. The officers of the Corporation will have such powers and duties in the management of the Corporation as are stated in these bylaws or in a resolution of the Board of Directors that is not inconsistent with these bylaws and, to the extent not so stated, as generally pertain to their respective offices, subject to the control of the Board of Directors. The Secretary will have the duty to record the proceedings of the meetings of the shareholders, the Board of Directors and any committees in a book to be kept for that purpose.

Section 4.4. Salaries. The salaries, compensation and other benefits, if any, of the officers will be fixed from time to time by the Board of Directors, and no officer will be prevented from receiving such salary by reason of the fact that he or she is also a Director of the Corporation.

## ARTICLE V

### Forms of Certificates; Loss and Transfer of Shares

Section 5.1. Forms of Certificates. Every holder of shares in the Corporation is entitled to have a certificate signed in the name of the Corporation by (1) the President, any Vice President, Chairman of the Board or Vice Chairman, and by (2) the Chief Financial Officer, Treasurer, Assistant Treasurer, or Secretary of the Corporation, certifying the number of shares and the class or series of shares owned by such shareholder. If such certificate is manually signed by at least one officer or manually countersigned by a transfer agent or by a registrar, then any other signature on the certificate may be a facsimile signature. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue.

## ARTICLE III

### Executive and Other Committees

Section 3.1. Executive and Other Committees of Directors. The Board of Directors, by resolution adopted by a majority of the authorized number of directors, may designate an executive committee and other committees, each consisting of two or more directors, to serve at the pleasure of the Board of Directors, and each of which, to the extent provided in the resolution but subject to the Dist. of Columbia Business Corporation Act, will have all the authority of the Board.

The Board of Directors may designate one or more directors as alternate members of any such committee, who may replace any absent member or members at any meeting of such committee.

Unless the Board of Directors otherwise provides, each committee designated by the Board may adopt, amend and repeal rules for the conduct of its business. In the absence of a provision by the Board of Directors or a provision in the rules of such committee to the contrary, each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

## ARTICLE IV

### Officers

Section 4.1. Officers; Election. As soon as practicable after the annual meeting of shareholders each year, the Board of Directors shall appoint a President, a Treasurer and a Secretary. The Board may also elect one or more Vice Presidents, one or more Assistant Secretaries, and such other officers as the Board may deem desirable or appropriate and may give any of them such further designations or alternate titles as it considers desirable. Any number of offices may be held by the same person.

Notice of a meeting need not be given to any director who signs a waiver of notice or a consent to holding the meeting or an approval of the minutes thereof, whether before or after the meeting, or who attends the meeting without protesting, prior thereto or at its commencement, the lack of notice to such director. All such waivers, consents and approvals shall be filed with the corporate records or made a part of the minutes of the meeting. A notice, or waiver of notice, need not specify the purpose of any regular or special meeting of the Board of Directors.

Section 2.5. Participation in Meetings by Conference Telephone Permitted. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting of the Board or of such committee, as the case may be, through the use of conference telephone or similar communications equipment permitted by the Dist. of Columbia Business Corporation Act, so long as all members participating in such meeting can hear one another, and participation in a meeting pursuant to this Section shall constitute presence in person at such meeting.

Section 2.6. Quorum; Adjournment; Vote Required for Action. At all meetings of the Board of Directors a majority of the authorized number of directors shall constitute a quorum for the transaction of business. Subject to the provisions of the Dist. of Columbia Business Corporation Act, every act or decision done or made by a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board unless the Articles of Incorporation or these bylaws shall require a vote of a greater number.

A majority of the directors present, whether or not a quorum is present, may adjourn any meeting to another time and place. If the meeting is adjourned for more than 24 hours, notice of any adjournment to another time or place shall be given prior to the time of the adjourned meeting to the directors who were not present at the time of the adjournment.

Section 2.7. Organization. Meetings of the Board of Directors shall be presided over by the Chairman of the Board of Directors, or in the absence of the Chairman of the Board by the Vice Chairman of the Board of Directors, if any, or in their absence by a chairman chosen at the meeting. The Secretary, or in the absence of the Secretary, an Assistant Secretary, will act as secretary of the meeting, but in the absence of the Secretary and any Assistant Secretary the chairman of the meeting may appoint any person to act as secretary of the meeting.

Section 2.8. Compensation of Directors. The Board of Directors shall have the authority to fix the compensation of directors for services in any capacity.

## ARTICLE II

### Board of Directors

Section 2.1. Powers; Number; Qualifications. The business and affairs of the Corporation shall be managed by, and all corporate powers shall be exercised by or under, the direction of the Board of Directors, except as otherwise provided in these bylaws or Articles of Incorporation.

Section 2.2. Election; Term of Office; Resignation; Vacancies. At each annual meeting of shareholders, directors shall be elected to hold office until the next annual meeting. Each director, including a director elected to fill a vacancy, shall hold office until the expiration of the term for which elected and until a successor has been elected and qualified. Any director may resign effective upon giving written notice to the Chairman of the Board of Directors, the Secretary of the Board of Directors, or the Board of Directors of the Corporation, unless the notice specifies a later time for the effectiveness of such resignation. If the resignation is effective at a future time, a successor may be elected to take office when the resignation becomes effective.

Subject to the provisions of the Dist. of Columbia Business Corporation Act, any director may be removed with or without cause at any time by the shareholders of the Corporation at a special meeting called for such purpose. In addition, any director may be removed for cause by action of the Board of Directors.

Unless otherwise provided in the Articles of Incorporation or these bylaws and except for a vacancy caused by the removal of a director, vacancies on the Board of Directors may be filled by appointment by the Board of Directors. The shareholders may elect a director at any time to fill a vacancy not filled by the Board of Directors.

Section 2.3. Regular Meetings. Regular meetings of the Board of Directors may be held without notice at such places within or without the District of Columbia and at such times as the Board of Directors may from time to time determine.

Section 2.4. Special Meetings; Notice of Meetings; Waiver of Notice. Special meetings of the Board of Directors may be held at any time or place within or without the District of Columbia whenever called by the Chairman of the Board of Directors, by the Vice Chairman of the Board of Directors, if any, or by any two directors. Subject to any greater notice requirements set forth in the Dist. of Columbia Business Corporation Act, special meetings shall be held on five days' notice by mail or 48 hours' notice delivered personally or by telephone, telegraph or any other means of communication authorized by the Dist. of Columbia Business Corporation Act. Notice delivered personally or by telephone may be transmitted to a person at the director's office who can reasonably be expected to deliver such notice promptly to the director.

Section 1.11. Fixing Date for Determination of Shareholders of Record. In order that the Corporation may determine the shareholders entitled to notice of any meeting or to vote or to express consent to corporate action in writing without a meeting or entitled to receive payment of any dividend or other distribution or allotment of any rights or entitled to exercise any rights in respect of any other lawful action, the Board of Directors may fix, in advance, a record date, which shall not be more than 60 nor less than ten days prior to the date of such meeting nor more than 60 days prior to any other action.

If no record date is fixed:

a) the record date for determining shareholders entitled to notice of or to vote at a meeting of shareholders shall be at the close of business on the business day next preceding the day on which notice is given or, if notice is waived, at the close of business on the business day next preceding the day on which the meeting is held;

b) the record date for determining shareholders entitled to give consent to corporate action in writing without a meeting, when no prior action by the Board of Directors has been taken, shall be the day on which the first written consent is given; and

c) the record date for determining shareholders for any other purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto or the 60th day prior to the date of such other action, whichever is later. When a determination of shareholders entitled to vote at any meeting of shareholders has been made as provided in this Section, such determination shall apply to any adjournment thereof.

Section 1.12. Consent of Shareholders in Lieu of Meeting. Except as otherwise provided in the Articles of Incorporation or under the Dist. of Columbia Business Corporation Act, any action that may be taken at any annual or special meeting of the shareholders may be taken without a meeting and without prior notice, if a consent in writing, setting forth the action so taken, shall be

Except as otherwise provided in the Articles of Incorporation or under the District of Columbia Business Corporation Act, any action that may be taken at any annual or special meeting of the shareholders may be taken without a meeting and without prior notice, if a consent in writing, setting forth the action so taken, shall be signed by all the shareholders entitled to vote on the action.

Unless otherwise provided by Dist. of Columbia law or by the Articles of Incorporation or these bylaws, the affirmative vote of the holders of a majority of the shares entitled to vote on the subject matter at a meeting in which a quorum is present shall be the act of the shareholders. Where a separate vote by class or classes is required, the affirmative vote of the holders of a majority of the shares of such class or classes at a meeting in which a quorum is present shall be the act of such class or classes, except as otherwise provided by Dist. of Columbia law or by the Articles of Incorporation or these bylaws.

If a quorum is present, directors shall be elected by a plurality of the votes of the shares present in person or represented by proxy at the meeting and entitled to vote on the election of directors. In all other matters, unless otherwise provided by District of Columbia law or by the Articles of Incorporation or these bylaws, the affirmative vote of the holders of a majority of the shares entitled to vote on the subject matter at a meeting in which a quorum is present shall be the act of the shareholders. Where a separate vote by class or classes is required, the affirmative vote of the holders of a majority of the shares of such class or classes at a meeting in which a quorum is present shall be the act of such class or classes, except as otherwise provided by District of Columbia law or by the Articles of Incorporation or these bylaws.

Section 1.9. Shareholder's Proxies. At all meetings of shareholders, a shareholder may vote by proxy executed in writing by the shareholder or by his or her duly authorized attorney-in-fact.

Such proxy shall be filed with the Secretary of the Corporation before or at the time of the meeting. No proxy shall be valid after the expiration of 11 months from the date thereof unless otherwise provided in the proxy. Every proxy continues in full force and effect until revoked by the person executing it prior to the vote pursuant thereto, except as otherwise provided in this Section. Such revocation may be effected by a writing delivered to the Corporation stating that the proxy is revoked or by a subsequent proxy executed by the person executing the prior proxy and presented to the meeting, or as to any meeting by attendance at such meeting and voting in person by the person executing the proxy.

Section 1.10. Inspectors. In advance of any meeting of shareholders the Board of Directors may appoint inspectors of election to act at the meeting and any adjournment thereof.

Section 1.7. Organization. Meetings of shareholders shall be presided over by the Chairman of the Board of Directors, if any, or in the absence of the Chairman of the Board of Directors by the Vice Chairman of the Board of Directors, if any, or in the absence of the Vice Chairman of the Board of Directors by the President, or in the absence of the foregoing persons by a chairman designated by the Board of Directors, or in the absence of such designation by a chairman chosen at the meeting. The Secretary, or in the absence of the Secretary, an Assistant Secretary, shall act as secretary of the meeting, or in their absence the chairman of the meeting may appoint any person to act as secretary of the meeting.

Section 1.8. Voting. Unless otherwise provided in the Articles of Incorporation, each outstanding share, regardless of class, shall be entitled to one vote on each matter submitted to a vote of shareholders.

Any holder of shares entitled to vote on any matter may vote part of the shares in favor of the proposal and refrain from voting the remaining shares or vote them against the proposal, other than elections to office, but, if the shareholder fails to specify the number of shares such shareholder is voting affirmatively, it will be conclusively resumed that the shareholder's approving vote is with respect to all shares such shareholder is entitled to vote.

Directors shall be elected by a plurality of the votes of the shares present in person or represented by proxy at the meeting and entitled to vote on the election of directors.

If a quorum is present, directors shall be elected by a plurality of the votes of the shares present in person or represented by proxy at the meeting and entitled to vote on the election of directors.

Section 1.4. Adjournments. When a shareholders' meeting is adjourned to another time or place, except as otherwise provided in this Section, notice need not be given of any such adjourned meeting if the date, time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting the Corporation may transact any business which might have been transacted at the original meeting. If the adjournment is for more than 45 days or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each shareholder of record entitled to vote at the meeting.

Section 1.5. Validating Meeting of Shareholders; Waiver of Notice. The transactions of any meeting of shareholders, however called and noticed, and wherever held, are as valid as though had at a meeting duly held after regular call and notice, if a quorum is present either in person or by proxy, and if, either before or after the meeting, each of the persons entitled to vote, not present in person or by proxy, signs a written waiver of notice or a consent to the holding of the meeting or an approval of the minutes thereof. All such waivers, consents and approvals shall be filed with the corporate records or made a part of the minutes of the meeting. Attendance of a person at a meeting shall constitute a waiver of notice of and presence at such meeting, except when the person objects, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened and except that attendance at a meeting is not a waiver of any right to object to the consideration of matters required by law to be included in the notice but not so included, if such objection is expressly made at the meeting. Neither the business to be transacted at nor the purpose of any regular or special meeting of shareholders need be specified in any written waiver of notice, consent to the holding of the meeting or approval of the minutes thereof, except as required by the Dist. of Columbia Business Corporation Act.

Section 1.6. Quorum. A majority of the shares entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of the shareholders.

The shareholders present at a duly called or held meeting at which a quorum is present may continue to transact business until adjournment notwithstanding the withdrawal of enough shareholders to leave less than a quorum, if any action taken (other than adjournment) is approved by at least a majority of the shares required to constitute a quorum. In the absence of a quorum, any meeting of shareholders may be adjourned from time to time by the vote of a majority of the shares represented either in person or by proxy, but no other business may be transacted, except as provided in this Section.

# BYLAWS

## OF

### Saigon Kitchen Inc.,
### a Dist. of Columbia Corporation

## ARTICLE I

Section 1.1. Annual Meetings. An annual meeting of the shareholders of Saigon Kitchen Inc. (the "Corporation") will be held for the election of directors on a date and at a time and place either within or without the District of Columbia fixed by resolution of the Board of Directors.

Any other proper business may be transacted at the annual meeting, except as limited by any notice or other requirements under the Dist. of Columbia Business Corporation Act.

Section 1.2. Special Meetings. Special meetings of the shareholders may be called at any time by the Board of Directors or by the holders of shares entitled to cast not less than a majority of the votes at the meeting, such meeting to be held on a date and at a time and place either within or without the District of Columbia as may be stated in the notice of the meeting.

Section 1.3. Notice of Meetings. Whenever shareholders are required or permitted to take any action at a meeting a written notice of the meeting must be given not less than ten (10) nor more than fifty (50) days before the date of the meeting to each shareholder entitled to vote thereat, except that meetings to increase the number of shares or corporate indebtedness each require at least 60 days' notice.

Notice of a shareholders' meeting or any report must be given either personally or by first-class mail or other means of written communication, addressed to the shareholder at the address of such shareholder appearing on the books of the Corporation or given by the shareholder to the Corporation for the purpose of notice. The notice shall be deemed to have been given at the time when delivered personally or deposited in the mail or sent by other means of written communication.

RESOLVED FURTHER, that any resolutions which in connection with the foregoing shall be certified by the Secretary of the Corporation as having been adopted by the Board pursuant to this Written Consent shall be deemed adopted pursuant to this Written Consent with the same force and effect as if presented to the Board and adopted thereby on the date of this Written Consent, and shall be included in the minute book of the Corporation.

## Payment of Expenses

RESOLVED, that the officers of the Corporation are hereby authorized and directed to pay all expenses of the incorporation and organization of the Corporation, including reimbursing any person for such person's verifiable expenses therefor.

## Agent for Service of Process in Dist. of Columbia

RESOLVED, that United States Corporation Agents, Inc. shall be appointed the Corporation's agent for service of process in Dist. of Columbia.

## Subchapter S Election

RESOLVED, that the Corporation shall elect to be treated as a "small business corporation" for income tax purposes under Subchapter S of Chapter 1 of the Internal Revenue Code of 1986, and under the parallel provisions of the laws of the state of Dist. of Columbia and that the officers of the Corporation are hereby authorized and directed to complete and file or cause to be filed an Election by a Small Business Corporation with the Internal Revenue Service pursuant to Section 1362(a) of the Internal Revenue Code and obtain the written consent of each shareholder of the Corporation to such Subchapter S election and file such consent at the same time as the Election by a Small Business Corporation, or within an extended period of time as may be granted by the Internal Revenue Service.

## Authorization of Further Actions

RESOLVED, that the officers of the Corporation are, and each of them hereby is, authorized, empowered and directed, for and on behalf of the Corporation, to execute all documents and to take all further actions they may deem necessary, appropriate or advisable to effect the purposes of each of the foregoing resolutions.

Principal Executive Office

RESOLVED, that the principal executive office of the Corporation shall initially be located at 2412 Wisconsin Avenue. N.W, Washington, Dist. of Columbia 20007.

Bank Accounts

RESOLVED, that the officers of the Corporation are hereby authorized and directed to establish, maintain and close one or more accounts in the name of the Corporation for the funds of the Corporation with any federally insured bank or similar depository; to cause to be deposited, from time to time, in such accounts, such funds of the Corporation as such officer deems necessary or advisable, and to designate, change or revoke the designation, from time to time, of the officer or officers or agent or agents of the Corporation authorized to make such deposits and to sign or countersign checks, drafts or other orders for the payment of money issued in the name of the Corporation against any funds deposited in any of such accounts; and to make such rules and regulations with respect to such accounts as such officers may deem necessary or advisable, and to complete, execute and deliver any documents as banks and similar financial institutions customarily require to establish any such account and to exercise the authority granted by this resolution including, but not limited to, customary signature card forms and form banking resolutions.

RESOLVED FURTHER, that all form resolutions required by any such depository, if any, are adopted in such form used by such depository by this Board, and that the Secretary is authorized to certify such resolutions as having been adopted by the Board and directed to insert a copy of any such form resolutions in the minute book of the Corporation.

RESOLVED FURTHER, that any such depository to which a certified copy of these resolutions has been delivered by the Secretary of the Corporation is entitled to rely upon such resolutions for all purposes until it shall have received written notice of the revocation or amendment of these resolutions, as adopted by the Board.

Qualification to do Business

RESOLVED, that the officers of the Corporation are hereby authorized and directed for and on behalf of the Corporation to take such action as they may deem necessary or advisable to effect the qualification of the Corporation to do business as a foreign corporation in each state that the officers may determine to be necessary or appropriate, or to withdraw from or terminate the Corporation's qualification to do business in any such state.

Corporate Records and Minute Book

RESOLVED, that the officers of the Corporation are hereby authorized and directed to procure all corporate books, books of account and stock books that may be required by the laws of Dist. of Columbia or of any foreign jurisdiction in which the Corporation may do business or which may be necessary or appropriate in connection with the business of the Corporation.

RESOLVED FURTHER, that the officers of the Corporation are authorized and directed to maintain a minute book containing the Articles of Incorporation, as filed with and certified by the office of the Dist. of Columbia Secretary of State and as may be amended from time to time, its Bylaws and any amendments thereto, and the minutes of any and all meetings and actions of the Board, Board committees and the Corporation's shareholders, together with such other documents, including this Written Consent, as the Corporation, the Board or the Corporation's shareholders shall from time to time direct and to ensure that an up to date copy is also kept at the principal executive office of the Corporation (as designated below).

Share Certificates

RESOLVED, that the form of share certificate attached hereto has been presented to the Board for review and is hereby approved and adopted as the form share certificate of the Corporation and the Secretary of the Corporation is directed to insert such form share certificate in the minute book of the Corporation.

Ratification of Actions by Incorporator

RESOLVED, that the Action by Written Consent of the Sole Incorporator dated April 22, 2016 and all actions taken by the Corporation's sole incorporator, LegalZoom.com, Inc. and its agents, in connection with the formation of the Corporation are hereby in all respects approved, ratified and affirmed for and on behalf of the Corporation.

Annual Accounting Period

RESOLVED, that until otherwise determined by the Board the fiscal year of the Corporation shall end on December 31.

Stock Issuance

RESOLVED, that the officers of the Corporation are hereby authorized to issue and sell shares of common stock of the Corporation, $0.001 par value (the "Shares"), which the Board hereby determines to be the fair market value of the Corporation's common stock as of the date hereof, to each person named below (the "Shareholder"), in the amounts specified opposite each name in exchange for cash or contributed property as follows:

| Name of Shareholder | Number of Shares | Total Purchase Price($) |
|---|---|---|
| Lan Vu & Phong Tran | 50 | $50,000.00 |
| Phong Tran | 50 | $50,000.00 |

RESOLVED FURTHER, that the Board hereby determines that the consideration to be received for the above-mentioned Shares is adequate for the Corporation's purposes, and that the sale and issuance of the Shares to each of the above-named persons shall be conditioned upon receipt by the Corporation of the purchase price of said Shares and final copies of all appropriate documentation required by Corporation.

RESOLVED FURTHER, that upon the issuance and sale in accordance with the foregoing resolutions, such Shares shall be validly issued, fully paid and non-assessable shares of common stock of the Corporation.

RESOLVED FURTHER, that the officers of the Corporation are hereby authorized and directed, for and on behalf of the Corporation, (i) to take all actions necessary to comply with applicable laws with respect to the sale and issuance of the Shares, (ii) to thereafter execute and deliver on behalf of the Corporation, pursuant to the authorization above, share certificates representing the Shares set forth above, and (iii) to take any such other action as they may deem necessary or appropriate to carry out the issuance of the Shares and intent of these resolutions.

Election of Officers

RESOLVED, that the following individuals are hereby elected to serve in the offices of the Corporation set forth opposite their names until their successors are duly elected and qualified, or their earlier death, resignation or removal:

President: Lan Vu
Treasurer: Lan Vu
Secretary: Phong Tran
Owner: Lan Vu

**ACTION BY UNANIMOUS WRITTEN CONSENT IN
LIEU OF FIRST MEETING BY THE BOARD OF DIRECTORS
OF
Saigon Kitchen Inc.,
a Dist. of Columbia Corporation**

The undersigned, constituting all of the members of the board of directors (the "Board") of Saigon Kitchen Inc., a Dist. of Columbia corporation (the Corporation), in lieu of holding a meeting of the Board, hereby consent to the taking of the actions set forth herein, and the approval and adoption of the following resolutions by this unanimous written consent ("Written Consent") pursuant to Section 29-306.21 of the Dist. of Columbia Business Corporation Act:

Articles of Incorporation

RESOLVED, that the Articles of Incorporation of the Corporation filed with the Dist. of Columbia Secretary of State hereby are adopted, ratified and affirmed in all respects.

RESOLVED FURTHER, that the Secretary of the Corporation is authorized and directed to insert a certified copy of the Articles of Incorporation in the Corporation's minute book.

Adoption of Bylaws

RESOLVED, that the bylaws presented to the Board and attached hereto are adopted as the bylaws of the Corporation ("Bylaws") to (i) regulate the conduct of the Corporation's business and affairs, and (ii) amend, restate, and supersede the Corporation's prior existing bylaws, if any, in their entirety.

RESOLVED FURTHER, that the Secretary of the Corporation is hereby authorized and directed to execute a certificate of the adoption of the Bylaws, to insert the Bylaws as so certified and as may be amended from time to time, in the minute book of the Corporation and to see that a copy, similarly certified, is kept at the principal executive office for the transaction of business of the Corporation, as required by law.

## ACTION BY WRITTEN CONSENT
## OF THE SOLE INCORPORATOR
## OF
## Saigon Kitchen Inc.,
a Dist. of Columbia Corporation,
April 22, 2016

The undersigned, acting as the sole incorporator of Saigon Kitchen Inc., a Dist. of Columbia corporation (the "Corporation"), hereby approves and adopts the following resolutions by this written consent without a meeting (this "Written Consent") pursuant to Section 29-302.05 of the Dist. of Columbia Business Corporation Act, which shall be effective upon the commencement of the corporation's existence:

RESOLVED, that each person named below is hereby elected to serve as a director of the Corporation until such time as his or her successor is duly elected and qualified:

Lan Vu
Phong Tran

RESOLVED FURTHER, that the officers of the Corporation, as elected by the Corporation's Board of Directors, are authorized and directed to insert a copy of this Written Consent in the minute book of the Corporation.

RESOLVED FURTHER, that the undersigned, the sole incorporator of the Corporation, hereby resigns as the incorporator of the Corporation, effective upon the commencement of the corporation's existence.

IN WITNESS WHEREOF, the undersigned executes this Written Consent as of the date set forth above.

By: Cheyenne Moseley, Assistant Secretary
LegalZoom.com, Inc., Sole Incorporator



DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS
# District of Columbia Government
Corporations Division

## Articles of Incorporation of Domestic For-Profit Corporation

One or more persons acting as the incorporator or incorporators under the provisions of the Title 29 of D.C. Code (Business Organizations Act) adopt the following Articles of Incorporation:

**First:** Corporation Name:
Saigon Kitchen INC

**Second:** The number of shares which the corporation is authorized to issue:

| Number of Shares | Class of Shares | Par Value of Shares | Total Amount |
|---|---|---|---|
| 5 | Common | $0.00 | $0.00 |
| 0 | Common | $1.00 | $0.00 |

**Third:** Registered Agent name and address in the District Columbia:
UNITED STATES CORPORATION AGENTS INC.
700 12th St NW
Suite 700
Washington, District of Columbia 20005

**Fourth:** Miscellaneous Provisions:

**Fifth:** Directors Name & Address:
No directors.

**Sixth:** Incorporators Name & Address:

| Name | Address |
|---|---|
| Cheyenne Moseley, Assistant Secretary, LegalZoom.com, Inc. | 101 N. Brand Blvd., 10th Floor, Glendale, California 91203 |

**Seventh:** Incorporators executing this form:

Cheyenne Moseley, Assistant Secretary, LegalZoom.com, Inc.

If you sign this form you agree that anyone who makes a false statement can be punished by criminal penalties of a fine up to $1000, imprisonment up to 180 days, or both, under DCOC § 22-2405;

**Amount Paid:** $270.00
**Date:** 4/13/2016 9:25 AM
**E-Signed**

Initial File #: C00005413090

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
### CORPORATIONS DIVISION



# CERTIFICATE

**THIS IS TO CERTIFY** that all applicable provisions of the District of Columbia Business Organizations Code have been complied with and accordingly, this ***CERTIFICATE OF INCORPORATION*** is hereby issued to:

Saigon Kitchen INC

**Effective Date:** 4/7/2016

**IN WITNESS WHEREOF I** have hereunto set my hand and caused the seal of this office to be affixed as of 4/13/2016 9:25 AM

Business and Professional Licensing Administration



PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Muriel Bowser
Mayor

Tracking #: fQRSvTuX

## CERTIFICATE OF SECRETARY OF

### Saigon Kitchen Inc.

The undersigned, Phong Tran, as Secretary of Saigon Kitchen Inc., a Dist. of Columbia corporation (the "Corporation"), hereby certifies the attached document is a true and complete copy of the bylaws of the Corporation and that such bylaws were duly adopted by the Board of Directors of the Corporation on the date set forth below.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of _____, 20___.

Phong Tran
Secretary

## DECLARATION OF LINH VU

The undersigned, Linh Vu, does hereby certify and state as follows:

1. I am over eighteen years of age, have personal knowledge of the facts asserted herein, and am otherwise competent to testify.

2. I am not an owner, officer, or agent of Saigon Kitchen, Inc. I do not work there and am otherwise not involved with that business.

3. I do not know the Plaintiffs, they do not know me, and I certainly have never employed them in any way.

4. I am a licensed real estate agent in the Commonwealth of Virginia and have been during the relevant time alleged in this lawsuit.

5. Having a lawsuit filed against me is harmful to my profession, as it can lead to inquiries by the licensing board and issues with my brokerage and clients.

6. Furthermore, I am an IT program manager with 29 years experience, PMP certification, and a public trust security clearance. This lawsuit could affect my employment and security clearance.

The foregoing is true and accurate, to the best of my knowledge, under penalty of perjury, this __th day of April, 2018, in the Commonwealth of Virginia.

_____

T. Linh Vu

3/13/2018

Date

# DPOR License Lookup License Number 0225209684

## License Details

| | |
|---:|:---|
| **Name** | VU, TUY-LINH T |
| **License Number** | 0225209684 |
| **License Description** | Real Estate Individual |
| **Status** | Active |
| **Rank** | Salesperson License |
| **Address** | SPRINGFIELD, VA 22153 |
| **Initial Certification Date** | 2013-11-12 |
| **Expiration Date** | 2019-11-30 |

## Related Licenses [1]

| License Number | License Holder Name | License Type | Relation Type | License Expiry |
|---|---|---|---|---|
| 0226021529 | SAMSON COMPANIES LLC | Real Estate Firm License | Related Firm | 2019-06-30 |

Showing 1 to 1 of 1 entries

## Continuing Education [2]

| Start Date | End Date | Requirement | Hours Required | Hours Earned | Hours Deficit |
|---|---|---|---|---|---|
| 2017-12-01 | 2019-11-30 | Ethics and Standards of Conduct (CE) | 3 | 0 | 3 |
| 2017-12-01 | 2019-11-30 | Fair Housing (CE) | 2 | 0 | 2 |
| 2017-12-01 | 2019-11-30 | Legal Updates with Flood Content (CE) | 1 | 0 | 1 |
| 2017-12-01 | 2019-11-30 | Real Estate Agency (CE) | 1 | 0 | 1 |
| 2017-12-01 | 2019-11-30 | Real Estate Contracts (CE) | 1 | 0 | 1 |
| 2017-12-01 | 2019-11-30 | Real Estate Related Subjects (CE) | 8 | 0 | 8 |

Showing 1 to 6 of 6 entries

---

1     The data located on this website are not the public records of the Department of Professional and Occupational Regulation (DPOR). All public records are physically located at DPOR's Public Records Section: 9960 Mayland Drive, Suite 400, Richmond, VA 23233. While DPOR works to ensure the

DECLARATION OF JOSHUA G. WHITAKER

The undersigned, Joshua G. Whitaker, does hereby certify and state as follows:

1.  I am over eighteen years of age, have personal knowledge of the facts asserted herein, and am otherwise competent to testify.

2.  I am a licensed attorney in the District of Columbia, having practiced continuously since December of 2004.

3.  On January 31st, 2018, I contacted Mr. Amster regarding his clients the Cruz's, and his letter of January 23rd, 2018, to Ms. Vu, via electronic mail.  I raised the issue of unrelated parties in that e-mail, and again in a follow-up phone call with Mr. Amster.  Mr. Amster did not follow up with me on the matter prior to filing.

The foregoing is true and accurate, to the best of my knowledge, under penalty of perjury, this ___th day of April, 2018, in the State of Maryland.

_____          _____
Joshua Whitaker                                             Date

Linh Vu & Phong Tran
January 19, 2018
3 | P a g e

At this time, Plaintiffs' attorneys' fees are minor. However, these fees will significantly increase if Plaintiffs are forced to file suit and litigate this matter. If this matter is not quickly resolved, these fees will quickly exceed $100,000.00. Not only would you have to pay Plaintiffs' attorneys' fees and costs, you would have to pay for your own attorneys' fees and costs. Therefore, it is in your interest to settle your debt quickly.

Moreover, under the FLSA and the DCMWA, not only are Saigon Kitchen and Rice Paddies Grill liable for Plaintiffs' damages, but you, Linh Vu, are individually liable for Plaintiffs' wage and hour claims. *See, e.g.,* 29 U.S.C. 216(b). Therefore, we could attach any judgment we obtain to any property you may personally have. I hope that this will not be necessary.

In order to avoid the time and expense of litigation, Plaintiffs are willing to negotiate a mutually beneficial resolution to this matter. To do this, you or your attorney must contact me within fourteen (14) days to discuss resolution of this matter. If you do not contact me within that time, we will be forced to file suit.

Thank you for your attention to this matter. I look forward to speaking with you.

Very truly yours,

Michael K. Amster

Cc: Lionel Antonio Cruz, Sr.
Lionel Antonio Cruz Cortes

3

Linh Vu & Phong Tran
January 19, 2018
2 | P a g e

wage was $12.50 as of July 1, 2017. Thus, you failed to pay Mr. Cruz, Sr. minimum wages for the period of July 1, 2017 to November 30, 2017.

Additionally, Mr. Cruz Cortes worked at both Saigon Kitchen and Rice Paddies Grill you as a cook from approximately March 1, 2017 until June 30, 2017. During that time, Mr. Cruz Cortes worked approximately 63 hours per week and earned an hourly wage of $11.50, regardless of the number of hours he worked. Thus, you failed to pay Mr. Cruz Cortes time-and-one-half his regular hourly rate for the hours he worked in excess of 40 during a single workweek.

An employer that fails to pay minimum or overtime wages in violation of the DCMWA is liable for the unpaid minimum wages, plus "an additional amount as liquidated damages equal to treble the unpaid wages." D.C. Code § 32-1012(b)(1).

In addition to quadruple damages, the prevailing Plaintiffs are entitled their attorneys' fees and costs. *See i.e.* 29 U.S.C. § 216(b). Under D.C. law, Plaintiffs are entitled to rates set forth in the *Salazar Matrix*. D.C. Code § 32-1308. ("In any judgment in favor of any employee under this section, and in any proceeding to enforce such a judgment, the court shall award to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services. The court *shall* use the rates in effect at the time the determination is made.") (Emphasis added.)

I have set forth the Plaintiffs' damages below:

**Lionel Antonio Cruz, Sr.**

| | |
|---|---|
| Unpaid Overtime and Minimum Wage | $6,003.25 |
| Treble Damages | $24,013.00 |

**Lionel Antonio Cruz Cortes**

| | |
|---|---|
| Unpaid Overtime and Minimum Wage | $2,648.00 |
| Treble Damages | $7,944.00 |

**Total Damages**

| | |
|---|---|
| Total Unpaid Overtime and Minimum Wage | $8,651.25 |
| Treble Damages | $25,953.75 |
| Attorney Fees | $4,000.00 |
| **TOTAL** | **$38,605.00** |

2

# ZIPIN, AMSTER & GREENBERG, LLC

## ATTORNEYS AT LAW

PHILIP B. ZIPIN *
MICHAEL KINGSTON AMSTER *
GREGG C. GREENBERG * †
J. BARRETT KELLY * † •
MARIUSZ KURZYNA * • ¥
ANTHONY G. BIZIEN
REBECCA N. STRANDBERG, OF COUNSEL *

8757 GEORGIA AVENUE, SUITE 400
SILVER SPRING, MD 20910
WWW.ZAGFIRM.COM

TELEPHONE (301) 587-9373
FACSIMILE (240) 839-9142

* ALSO LICENSED IN WASHINGTON D.C.
† ALSO LICENSED IN VIRGINIA
• ALSO LICENSED IN NEW YORK
¥ ALSO LICENSED IN CONNECTICUT

[CONFIDENTIAL SETTLEMENT COMMUNICATION]

January 19, 2018

***SENT VIA REGULAR MAIL***

Saigon Kitchen, Inc.
*Attn: Linh Vu*
2412 Wisconsin Avenue
Washington, DC 20007

Rice Paddies Grill, Inc.
*Attn: Linh Vu*
4706 Bethesda Ave.
Bethesda, MD 20814

Phong Tran
13004 Bayhill Dr.
Beltsville, MD 20705

> **Re:    *Lionel Antonio Cruz, Sr. and Lionel Antonio Cruz Cortes v. Saigon Kitchen, Inc., Rice Paddies Grill, Inc. and Linh Vu***

Dear Mssrs. Vu and Tran:

Lionel Antonio Cruz, Sr. and Lionel Antonio Cruz Cortes ("Plaintiffs") have retained Zipin, Amster, and Greenberg, LLC to pursue claims against Saigon Kitchen. Inc., Rice Paddies Grill, Inc and Linh Vu ("Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA"), the D.C. Minimum Wage Act, D.C. Code § 32-1001, *et seq.*, ("DCMWA") and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.*, ("DCWPCL"). Please direct all communication concerning this matter to my attention.

As you know, Mr. Cruz, Sr. worked for you as a cook from approximately April 15, 2017 until November 30, 2017. During that time, Mr. Cruz, Sr. worked approximately 66 hours per week and earned an hourly wage of $11.50, regardless of the number of hours he worked. Thus, you failed to pay Mr. Cruz, Sr. time-and-one-half his regular hourly rate for the hours he worked in excess of 40 during a single workweek. Furthermore, the District of Columbia minimum