UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LIONEL ANTONIO CRUZ CORTES,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **SAIGON KITCHEN, INC.,** *et al.*, <br><br> Defendants. | Case No. 18-cv-00500 (CRC) |

## **OPINION AND ORDER**

This is an action by two former employees of a local Vietnamese restaurant for overtime pay. They sued the restaurant and its two owners under the federal Fair Labor Standards Act of 1938 ("FLSA") and the District of Columbia Minimum Wage Act Revision Act of 1992 ("DCMWA"). In June, the parties reached an $18,000 settlement. The employees now move for $25,151.20 in attorneys' fees and an additional $659.35 in litigation costs. The Court will grant the motion in part.

Because the Court writes primarily for the parties, it will forego reciting the applicable legal standards, which are not contested. The DCMWA requires the Court to apply so-called Salazar rates in calculating a fee award under the statute. See D.C. Code § 32-1308(b)(1); see also Serrano v. Chicken-Out, Inc., 209 F. Supp. 3d 179, 197 (D.D.C. 2016). Plaintiffs' counsel have arrived at the above fee request by multiplying those rates by the hours they worked on the case as reflected in their contemporaneous billing records. See Pls.' Mot. Att'ys Fees Ex. 3, ECF No. 18-3, at 2–7; Pls.' Reply, ECF No. 20, at 2–3.

Defendants do not dispute that Plaintiffs are entitled to a fee award. Defs.' Opp'n, ECF No. 19, at 5. Their main quarrel with Plaintiffs' calculations is that they include time associated with responding to a draft Rule 11 motion that defense counsel prepared after Plaintiffs named a

wrong defendant in their original complaint.  Id.  Anticipating this concern, Plaintiffs have excluded from their request time spent preparing their amended complaint.  Yet Defendants urge the Court to cut a further 9.8 hours of attorney time.  Id. at 4.

Having reviewed the parties' submissions, the Court concludes that some degree of blame for the misnamed defendant falls on both parties.  On one hand, Plaintiffs mistakenly included the sister of one of the restaurant owners as a defendant.  On the other, defense counsel apparently declined a request for the restaurant's ownership information, which would have cleared up the confusion and avoided unnecessary work by opposing counsel.  Given this shared responsibility, the Court will award 50% of the fees associated with those billing record entries that appear related to researching the correct name of the relevant defendant.[1]  The billed fees appear otherwise reasonable.

One final point:  Plaintiffs seek an award for time spent litigating this fees motion.  Hours reasonably devoted to fee litigation are compensable.  Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec., 982 F. Supp. 2d 56, 61 (D.D.C. 2013).  The Court will therefore award these fees, which it finds reasonable.

For the foregoing reasons, it is hereby

---

[1] Specifically, the Court will reduce by half the following billing entries:  the 0.2 hours spent by Mr. Kelly research the correct defendant names on January 19, 2018; 0.1 hours spent by Mr. Amster on February 2, 2018; 0.1 hours spent by Mr. Amster regarding the Rule 11 motion on March 11, 2018; 1.1 hours spent by Mr. Amster researching defendants on March 12, 2018; 0.4 hours spent by Mr. Amster regarding Rule 11 motion on March 14, 2018; 0.4 hours spent by Mr. Kelly regarding the Rule 11 motion and correct defendants on March 14, 2018; 0.4 hours spent by Mr. Amster discussing ownership and Rule 11 motion with client on March 22, 2018; 0.6 hours spent by Mr. Amster discussing ownership with client; 1.5 hours spent by Mr. Kelly discussing with client and researching correct defendant on March 22, 2018.  In total, Plaintiffs seek $2,641.20 for these entries.  The Court will award $1,320.60.

**ORDERED** that [ECF No. 18] Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED in part and DENIED in part.  It is further

**ORDERED** that Plaintiffs are awarded attorneys' fees of $23,830.60 and costs of $659.35 against the Defendants, jointly and severally.  It is further

**ORDERED** that Defendants shall pay Plaintiffs the awarded fees and costs within ten (10) days of the date of this Order.

**SO ORDERED**.

                                              CHRISTOPHER R. COOPER
                                              United States District Judge

Date: <u>October 11, 2018</u>